```
JEFFERSON BURGESS
PRISON NUMBER 09628-039
F.M.C. DEVENS PRISON
P.O. BOX 879
AYER, MA  01432
PRO-SE PLAINTIFF
```

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFERSON BURGESS : <br>     PRO-SE, PLAINTIFF : <br> : <br> : <br> v.                           : <br> : <br> : <br> UNITED STATES OF AMERICA  : <br> DEFENDANT ON BEHALF OF THE <br> FEDERAL BUREAU OF PRISONS  : <br> BY F.M.C. DEVENS PRISON <br>      DEFENDANT,          : | **04-40169** <br><br> CIVIL ACTION <br><br> DOCKET 2004 CIV. <br><br> NUMBER: <br><br> JUDGE: |

## COMPLAINT BY THE PRO-SE PLAINTIFF

**Jefferson Burgess** Pro-Se plaintiff hereinafter (plaintiff) for the complaint alleges on personal knowledge, as to his own acts and otherwise upon information and beleif as follows:

### NATURE OF ACTION AND INTRODUCTION TO THE PARTIES

1.) The plaintiff is a Federal inmate that is held in Federal detention at F.M.C. Devens Prison in Ayer, Mass. The defendant is the United States of America on behalf of the Federal Bureau of Prisons, F.M.C. Devens prison.

The action is filed under title 28 U.S.C.1331 wherein the plaintiff did comply with each element of the prison litigation Reform Act under title 42 U.S.C. 1997 (E)(A).

The plaintiff did complete the mandated exhaustion of the Federal Bureau of Prisons hereinafter (BOP) administrative remedies under the following allegations showing the defendants injury to the plaintiff.

### THE PLAINTIFF IS SUFFERING ACTUAL INJURY BASED ON THE DEFENDANTS BREACH OF B.O.P. POLICY

2.) In order to comply with the Prison Litigation Reform Act title 43 U.S.C. 1997 (E)(A), the plaintiff filed the mandated three levels of B.O.P. administrative remedies showing his actual in-

(1)

jury that is caused by the defendants breach of the B.O.P. policy in obstructing the defendant's parole. The plaintiff will show below his allegations under each of his filed B.O.P. administrative remedies.

### THE PLAINTIFFS SENTENCE GUIDLINES REQUIRES A RANGE OF 52 TO 80 MONTHS THAT WAS CONCEDED BY THE DEFENDANT IN THE ATTACHED EVIDENCE ALLOWING PAROLE

3.) The defendants documents in **EXHIBIT 1** attached herein shows the plaintiffs sentence guideline was within the range of 52 to 80 months under the plaintiffs old law sentence. The allegations set forth below show's the defendants response to each of the three filed B.O.P. administrative remedies depriving the plaintiffs rights to parole consideration in breach and violation of the mandated defendants policy.

4.) On January 2nd, 1992 the plaintiff was sentenced to 45 years in prison under three counts of old law criminal conduct. The criminal conduct took place from June 3rd, through September 25th, 1987. The allegation's set forth below show's the defendant failing to process the plaintiff mandated parole application that may release the plaintiff from Federal detention.

The injury to the plaintiff in the instant action fall's under the defendant's errors in violation of B.O.P. policy in each response to the plaintiff's B.O.P. administrative remedies that are detailed below that obstructs and prevents the plaintiffs access to parole consideration that is mandated on Federal old law.

(2)

## THE DEFENDANTS USE OF THE WRONG B.O.P. POLICY IN EACH OF THE DEFENDANTS B.O.P. ADMINISTRATIVE REMEDIES RESPONSES FAILS TO PROVIDE THE PLAINTIFF WITH THE MANDATED PAROLE CONSIDERATION UNDER FEDERAL OLD LAW THAT IS MANDATED UNDER B.O.P. POLICY

5.) The plaintiff's detailed allegation's set forth below shows the defendant's injury to the plaintiff in each of the B.O.P. administrative remedy responses that obstruct's the plaintiff's consideration under old law parole. The instant question presented in the action is the defendants errors in violation of B.O.P. policy that fails to allow the plaintiff's old law parole consideration.

The defendant cited the wrong B.O.P. policy statement in their administrative remedy responses that was used to obstruct the plaintiff from the mandated old law parole consideration. In addition the defendant filed their B.O.P. administrative responses with error's that claim the plaintiff is prohibited from old law parole.

### JURISDICTION AND VENUE

6.) This Court has jurisdiction over the subject matter of the action pursuant to Title 28 U.S.C. 1331, a Federal question with 28 U.S.C. 2201 and section 2202. The plaintiff did comply with the mandated exhaustion of B.O.P. remedies under **BOOTH v. CHURNER,** 149 Led 2d 958 (2001) that is set forth in title 42 U.S.C. 1997 (E)(A). The action is based on the defendants failure to follow the required BOP policy allowing the plaintiff's parole consideration.

(3)

7.) This Court hold's venue over the defendant who is the United States of America based on the plaintiffs injury that did take place at F.M.C. Devens Prison that is located in Ayer, Ma. in this court's judicial district.

The defendant is the United States of America who is liable for all injury caused by the violation's of policy at the Federal Bureau of Prisons, F.M.C. Devnes Prison.

### FACTUAL ALLEGATION UNDER THE PLAINTIFF"S EXHAUSTION OF B.O.P. REMEDIES THAT SHOW'S THE DEFENDANT FAILED TO FOLLOW THE REQUIRED B.O.P. POLICY BY OBSTRUCTING THE PLAINTIFF'S PAROLE CONSIDERATION

8.) On May 29th, 2002, the plaintiff filed his first level of B.O.P. administrative remedies with the Warden at F.M.C. Devens Prison. In **EXHIBIT 2** attached hereto the plaintiff provides the Court with a copy of the first administrative remedy that was filed with the F.M.C. Devens Warden requesting parole consideration under B.O.P. policy.

The plaintiff's B.O.P. administrative sets forth the following allegation:

" Per Mr. Fazenbaker, to be given to Mr. Quiles request for a BP- 8 1/2 to be written up.... The expectation of finality of sentence that arises merely from being given a parole date, and then actually paroled. Had no knowledge that his parole was in error

(4)

has made the difficult transition from prisoner to rehabilitated citizen, and has become a productive member of society.

Once the defendant has been released on parole and has successfully reintegrated into society for a period of years. 'his expectation as to the finality of his release on parole have crystallized and it would be fundamentally unfair to defeat them.' which are in violation of his due process. Relief requested,.... Immediate release.

Mr. Quiles so stated to me that who ever he were to give my 8 1/2 to, would not accept it, and told him to tell me to write him a cop-out. Again in violation of my due process.

If the Due Process Clause limits a Court power to correct a mistake in sentencing to only the 30 days in which an appeal may be taken, because after 30 days an inmates interest in the finality of his sentence has crystallized, then clearly the Parole Commission may not correct a mistake in its parole calculations years after the defendant has been released without violationg that same guarantee of due process." Date: 5/29/02.

9.) On July 8th, 2002 the F.M.C. Devens Prison Warden filed his B.O.P. administrative remedy response to the plaintiff's above **EXHIBIT 2** remedy allegations.

The F.M.C. Devens Warden assigned the B.O.P. administrative remedy response number 270176-F1 in the defendants filing that is attached hereto in **EXHIBIT 3** .

(5)

The F.M.C. Devens Prison Warden set forth in his denial of the plaintiff's **EXHIBIT 2** allegations the following ruling that was in error and violated the mandated B.O.P. policy under the plaintiff's right to parole consideration.

The July 8th, 2002 Warden's response set forth the following:

<u>FEDERAL MEDICAL CENTER DEVENS, MASSACHUSETTS</u>
<u>RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY</u>
<u>#270176-F1</u>

"This is in response to your request for administrative remedy in which your request immediate release.

The results of an investigation has not changed that a mistake was made in calculating your original sentence. Please reference P.S. 5880.30, sentence computation manual,"old law". As previously stated, the entire that you spent out on parole from September 24th, 1997 through October 29th, 2001 has been credited towards your current time being served. Your current projected release date is January 28th, 2017.

Based on the above findings, your request for administrative remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, Northeast Region, U.S. Customs House, 7th Floor, 2nd and Chestnut streets, Philadelphia, Pennsyvania 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response. Dated:  7/8/02

(6)

### FACTUAL ALLEGATIONS SHOWING THE F.M.C. DEVENS WARDEN WINN JULY 8,2002 ADMINISTRATIVE REMEDY RESPONSE VIOLATED THE B.O.P. POLICY THAT REQUIRED THE WARDEN TO PROCESS THE DEFENDANT FOR PAROLE CONSIDERATION

10.) On July 8th, 2002 in **EXHIBIT 3** attached hereto the F.M.C. Devens Prison Warden Winn violated the B.O.P. polcy that required the Warden to process the defendant for parole consideration under the defendant's old law sentence.

11.) The Warden's July 8th, 2002 defendant's response violate's the B.O.P. policy under program statement 5880.30 that mandates the plaintiff must be provided with parole consideraton by the B.O.P. and the F.M.C. Devens Prison Warden

12.) In the **EXHIBIT 3** F.M.C. Devens prison Warden Winn response, the Warden sets forth the plaintiff did gain parole from the B.O.P. on or about September 24th, 1997 through October 29th, 2001. However, the Warden states that he alone changed the status of the plaintiff's right, to old law parole. The Warden's error in changing the plaintiff's right to old law parole was a violation of the B.O.P. policy program statement 5880.30.

### THE F.M.C. DEVENS WARDEN HAS NO AUTHORITY TO CHANGE THE PLAINTIFF'S RIGHT TO OLD LAW PAROLE

13.) The plaintiff claims the Warden's July 8th, 2002 B.O.P. administrative remedy response in **EXHIBIT 3** attached hereto demonstrates's a violation and breach of the B.O.P. policy statement 5880.30.

The above B.O.P. program statement 5880.30 does not provide the F.M.C. Devens prison Warden with authority to change the plaintiff's old law parole consideration.

14.)   The Plaintiff claims the Warden took authority on his own that is contarary [very] to the mandate under the U.S. Congress old law statutes, that provides parole. The Warden cannot change any element under old law parole, that was the basis for plaintiff's sentence.

### THE PLAINTIFF'S OLD LAW SENTENCE MANDATES PAROLE CONSIDERATION

15.)   On September 24th, 1997, the B.O.P. granted the plaintiff old law parole that is conceded in the Warden's **EXHIBIT 3** response. However, the Warden acted on July 8th, 2002 in his B.O.P. remedy response to terminate the plaintiff's right to his old law sentence parole consideration in **EXHIBIT 3** attached hereto.

### THE PLAINTIFF HAS SERVED OVER 17 YEARS IN PRISON UNDER OLD LAW SENTENCE THAT PROVIDES FOR PAROLE CONSIDERATION THAT WAS PROHIBITED BY THE F.M.C. DEVENS WARDEN

16.)   The plaintiff's trail conviction and sentence was filed under the old law criminal statutes 21 U.S.C. 846, 21 U.S.C. 843, 21 U.S.C. 841 (A)(2) and 18 U.S.C.2. Each of the above statutes provides for the mandated parole consideration that is the basis for the instant action.

The F.M.C. Devens prison Warden's response in **EXHIBIT 3** attached hereto violates the mandate that provides old law parole under the plaintiff's sentence in the above criminal statutes.

(8)

### THE PROGRAM STATEMENT 5880.30 CITED BY THE F.M.C. DENVENS WARDEN TO OBSTRUCT THE PLAINTIFF'S PAROLE SHOWS THE WARDEN WAS WRONG IN PROHIBITING THE PLAINTIFF'S OLD LAW PAROLE CONSIDERATION

17.) The B.O.P. program statement number 5880.30 that was used by the F.M.C. Devens Warden in July 8th, 2002 response shows the Warden was wrong in obstructing and preventing the plaintiff's old law parole consideration.

The plaintiff has attached the program statement number 5880.30 two pages on parole old law consideration in **EXHIBIT 4**.

18.) The Warden's B.O.P. response in **EXHIBIT 3** attached hereto shows the Warden's violation of the B.O.P. program statement 5880.30 that mandates the plaintiff old law parole consideration.

In **EXHIBIT 4** attached hereto, the B.O.P. program statement number 5880.30 demonstrates the plaintiff had to be allowed old law parole consideration.

### THE WARDEN'S B.O.P. RESPONSE THAT DENIES THE PLAINTIFF'S OLD LAW PAROLE CONSIDERATON UNDER THE B.O.P. PROGRAM STATEMENT 5880.30 WAS BASED ON THE NEW LAW CRIMINAL STATUTE UNDER TITLE 21 U.S.C. 841 THAT TOOK EFFECT AFTER NOVEMBER 1ST, 1987 AND DOES NOT APPLY TO THE PLAINTIFF'S CONVICTION

19). The Warden's B.O.P. response dated July 8th, 2002 in **EXHIBIT 3** attached hereto was based on the new criminal statute 21 U.S.C. 841 that took effect on November 1st, 1987.

The Plaintiff's criminal sentence was based on old law criminal

(9)

conduct that took place from June through September 1987. The Plaintiff's old law criminal sentence took place based on criminal conduct that took place before November 1st, 1987 and did not fall under the new law title 21 U.S.C. 841 prohibition to parole consideration.

20.)   The Warden's B.O.P. response under B.O.P. policy 5880.30 calculated the plaintiff's right to parole consideration under the wrong new law statute in title 21 U.S.C. 841 that took effect in November 1987.

The Warden's B.O.P. response concedes the plaintiff was granted parole by the B.O.P. from September 24th, 1997 through October 29, 2001.

### THE NEW LAW STATUTE TITLE 21 U.S.C. 841 WAS USED BY THE WARDEN TO OBSTRUCT THE PLAINTIFF'S OLD LAW PAROLE CONSIDERATION IN THE B.O.P. RESPONSE DENIAL

21.)   The new criminal law statute under title 21 U.S.C. 841 took effect on November 1st, 1987 and could not be used by the Warden in calculating the plaintiff's old law parole consideration.

The new law criminal statute under title 21 U.S.C. 841 ended the old law parole consideraton for any sentence ordered after November 1st, 1987. The plaintiff's old law sentence does not fall under the mandate of the criminal new law title 21 U.S.C. 841 November 1st, 1987 calculation parole consideration. **SEE**: the plaintiff's **EXHIBIT 5** attached hereto showing the new law November 1st, 1987 effective date.

22.)   The change in the criminal new law statute title 21 U.S.C. 841 that took effect on November 1st, 1987 and was not retroactive in changing

(10)

the plaintiff's old law parole consideration.

The new criminal law statute title 21 U.S.C. 841 showing the November 1st, 1987 effective date is attached hereto in **EXHIBIT 5**

23.)  The Warden's BOP response denial of the plaintiff's old law parole consideraton in **EXHIBIT 3** attached hereto used the new law statute in title 21 U.S.C 841 by making that law retroactive to prevent the plaintiff's parole consideration.

The Warden had no such legal authority to use the new law criminal statute under title 21 U.S.C. 841 in his BOP response denial of the plaintiff's parole consideration based on the Warden's retroactive denial that violated the old law mandate in title 21 U.S.C 841 that ordered the plaintiff had the right to old law parole consideration.

<u>THE PLAINTIFF'S BOP ADMINISTRATIVE REMEDY
TO THE BOP NORTHEAST REGIONAL OFFICE AND THE
BOP RESPONSE DENIAL PROVES THE DEFENDANT
CALCULATED THE WRONG DATE IN OBSTRUCTING
THE PLAINTIFF'S OLD LAW PAROLE CONSIDERATION</u>

24).  The plaintiff filed his BOP administrative remedy with the BOP Northeast Regional Director on July 16th, 2002 in **EXHIBIT 6** attached hereto.

The Plaintiff's BOP administrative remedy set forth the following allegation's to gain his old law parole consideration.

"270176-R1- Per Mr. Fazenbaker to be given to Mr. Quiles, request for a BP-8 1/2 to be written up.... The expectation of finality of sentence that arises merely from being given a parole date, and then actually

(11)

paroled. I had no knowledge that my parole was in error, has made difficult transition from prisoner to rehabilitated citizen, and had become a productive member of society. Once I (the defendant) has been released on parole and has successfully reintegrated into society for a period of years.' his expectation as to the finality of his release on parole have crystallized and it would be fundamentally unfair to defeat them'. Which are in violation of my due process. Relief requested,.... immediate release. (Mr. Quiles so stated to me that whoever he were to give my 8 1/2 to, would not accept it and told him to tell me to write them a cop-out, again in violation of my due process)

If the due process clause limits a Court's power to correct a mistake in sentencing to only the 30 days in which an appeal may be taken, because after 30 days an inmate's interest in the finality of his sentence has crystallized." Dated: 7-16-02

25.) The defendant by the BOP Northeast Regional Director filed their response that denied the plaintiff's remedy for old law parole consideration on August 20th, 2002.

The defendant's denial of the plaintiff's regional BOP remedy is attached hereto in **EXHIBIT 7**

26.) The defendant's BOP Regional Director's remedy denial in **EXHIBIT 7** attached hereto sets forth the following wording in the wrongful denial of the planitiff's request to old law parole consideration under the BOP program statement policy 5880.30.

(12)

The denial set forth the following:

"Burgess, Jefferson #09628-039, appeal #270176-R1
Part B - Repose.

Your appeal the decision of the Warden at FMC Devens to deny your request for immediate release, you state, neither the parole commisssion nor the Bureau of Prisons (BOP) may correct a mistake in sentence calculations years after you were released, you imply that your due process rights have been violated. <u>Records reveal you were arrested by Federal authorities September 25th, 1992, and sentenced in the Eastern District of Michigan on January 2nd, 1992,</u> to 45 years for conspiracy to possess with intent to distribute and distribution of cocaine, 45 years for distribution of cocaine and aiding and abetting, and four years for unlawful use of a communication facility. All three terms were concurrent and you were paroled from these sentences effective September 24, 1997.

An audit of the initial sentence and parole violation was performed upon your return to Federal custody on May 11, 2001. The audit revealed your initial sentencing fell under the guidelines of the Anti-Drug Act of 1986. Program statement 5880.30, sentence computation manual (old law) specifically outlines the section, offense and sentence to be received for convictions during this time frame. Count two of your Federal sentence was for an offense which required imposition of a non-paroleable sentence. Your initial and parole violator sentences were re-computed to correct the error made by BOP staff and all time while on the street was credited towards your violator term. The United States Parole Commission issued a notice of action dated February 5, 2002, which re-paroled

(13)

you effective January 11, 2002, from counts one and three to count two. The reason for this amended notice of action was clearly stated and the decision non-appealable. Your Federal computation is now computed correctly. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, your appeal must be received in the Administrative Remedy Section Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W. Washington, D.C. 20534, within 30 calender days of the date of this response... Dated August 20, 2002.  M.E. Ray, Regional Director.

### THE DEFENDANT USED THE WRONG DATES IN THE BOP REGIONAL DIRECTOR'S DENIAL RESPONSE REGARDING THE PLAINTIFF'S ORIGINAL OLD LAW SENTENCE

27.) The defendant set forth in their BOP Regional Director's remedy response denial in **EXHIBIT 7** attached hereto that the plaintiff was arrested by Federal authorities on September 25, 1992.

The above denial fact on the plaintiff's arrest was wrong. The plaintiff was first arrested in September of 1987 not September 25, 1992. The denial by the BOP region was wrong based on the dates they used that does not apply to plaintiff.

28.) The defendant used the wrong date of September 25, 1992 in their BOP Regional Director's response denial. The defendant never used the plaintiff's true arrest date of September 1987 in their BOP Regional Director's response denial.

(14)

### THE BOP REGIONAL APPEAL MUST BE VACATED BASED ON THE USE OF WRONG EVIDENCE REGARDING THE PLAINTIFF'S DATE OF ARREST THAT CAUSED THE REGION TO MAKE THE WRONG RULING THAT DENIED THE PLAINTIFF'S APPEAL.

29.) On August 20, 2002 the BOP Regional Director's reviewed the FMC Devens Warden July 8, 2002 denial of the plaintiff's administrative remedy that was filed with the Warden in **EXHIBIT 3** attached hereto.

The August 20, 2002 Regional Director's remedy denial was based on the dates of the plaintiffs arrest and sentence that is set forth in the second paragraph of **EXHIBIT 7** of BOP Regional Director's denial.

30.) The Regional Director denied the plaintiff's BOP Administrative remedy appeal under the BOP program statement number 5880.30 with use of wrong dates, regarding the plaintiff's original arrest.

The denial ruled the plaintiff was arrested on September 25, 1992 when the plaintiff was first arrested in September 1987. The wrongful facts in the Regional Director's denial claiming the plaintiff's arrest was on September 25, 1992 proves the plaintiff should have been granted the BOP remedy in question under the BOP program statement 5880.30.

31.) The above BOP Regions denial of the plaintiff's administrative remedy appeal shows the errors by the BOP in failing to process the plaintiff's old law parole consideration request.

The old law changed in November 1987. The Regional appeal denied set forth the plaintiff was arrested on September 25, 1992 after the November 1987 change in the old law statute that mandated the plaintiff'

(15)

parole consideraton.

### THE BOP REGIONAL APPEAL DENIAL SETS FORTH THE PLAINTIFF WAS SENTENCED ON JANUARY 2, 1992 BEFORE THE APPEAL DENIAL DATE USED FOR THE PLAINTIFF'S ARREST ON SEPTEMBER 25, 1992

32.) The BOP Regional appeal denial in appeal number 270176-R1 in **EXHIBIT 7** attached hereto set forth the plaintiff was sentenced on January 2, 1992 before the date the appeal denial set forth for the plaintiff's arrest on September 25, 1992.

The Regional appeal denial shows wrongful dates making claims for plaintiff was sentenced on January 2, 1992 before his arrest date of September 25, 1992.

The Regions appeal denial must be vacated by the Court based on the wrongful dates that were used to calculate the false denial.

The plaintiff was arrested in September 1987 under old law criminal conduct, not on September 25, 1992 that is set forth in the BOP Regional appeal denial.

### THE PLAINTIFF APPEALED THE BOP REGIONS WRONGFUL DENIAL TO THE BOP CENTRAL WASHINGTON D.C. OFFICE

33.) On August 26, 2002 the plaintiff appealed the BOP Regions wrongful denial in **EXHIBIT 8** attached hereto. The plaintiff's August 26, 2002 BOP Central Office appeal of the Regions wrongful denial contained the following allegations:

(16)

"Per Mr. Fazenbaker to be given to Mr. Quiles, request for a 8 1/2 to be written up.... The expectation of finality of a sentence that rises merely from being given a parole date, and then actually paroled. I had no knowledge that my parole was in error, has made the difficult transition from prisoner to rehabilitated citizen, and had become a productive member of society. once I (the defendant) has been released on parole and has successfully reintegrated into society for a period of years. 'his expectation as to finality of his release on parole have crystallized and it would be fundamentally unfair to defeat them.' which are in vilolation of my due process [relief request].... immediate release. (Mr. Quiles so stated to me that whoever he were to give my 8 1/2 to, would not accept it and told him to tell me to write them a cop-out, ... again in violation of my due process.).

If the Due Process Clause limits a Court's power to correct a mistake in sentencing to only the 30 days in which an appeal may be taken, because after 30 days an inmate's interest in the finality of his sentence has crystallized,

Then clearly the parole commission nor the Bureau of Prisons may not correct a mistake in it's parole or Bureau of Prisons may not correct a mistake in it's parole or Bureau of Prisons calulations years after the defendant has been released without violating the same guarantee of Due Process. Dated: 8-26-02".

34.)   On September 12, 2002, the BOP WAshington D.C. Central Office denied the plaintiff's administrative remedy number 270176-A1 appeal

(17)

of the regions wrongful denial...

The BOP Washington D.C. Central Office denial affirmed the Regions and Warden's denial under the BOP program statement number 5880.30

The September 12, 2002 BOP Central Office denial is attached hereto in **EXHIBIT 9**. The Washington D.C. BOP Central Office denial in **EXHIBIT 9** attached hereto sets forth the following denial"

"Administrative remedy No. 270176-A1, part b- Response.... you contend your due process rights have been violated and that neither the Parole Commission nor the Bureau of Prisons (BOP) may correct a mistake in your sentence calculation years after you were released. Therefore, you request immediate release.

you provide no new information in this matter. We concur with the previous finding in that the BOP computed your sentence as required by program statement 5880.30, **SENTENCE COMPUTATION MANUAL** ("old law" pre CCCA- 1984) and all applicable statutes, your appeal is denied". Dated: September 12, 2002, Harrell Watts, Administrator National Appeals

**THE PLAINTIFF CLAIMS THE DEFENDANT VIOLATED THE BOP POLICY PROGRAM STATEMENT 5880.30 IN EACH OF THE PLAINTIFF'S BOP ADMINISTRATIVE REMEDY APPEALS**

35.) The plaintiff's above allegations shows the defendants breach and violation of the BOP policy program statement number 5880.30. The defendant filed wrongful denials that obstructed the plaintiff's right to parole consideration under the plaintiff's old law sentence.

36).   The Plaintiff's old law sentence mandates parole consideraton that was denied by the defendant in each of the above wrongful ruling's under the BOP policy program statement 5880.30.

### WHEREFORE THE PRO-SE PLAINTIFF DEMANDS THE FOLLOWING RELIEF

1.)   Trial by the Court of all issues

2.)   Judgment against the defendant showing the BOP Administrative remedy denials were wrong under BOP policy program statement 5880.30.

3.)   Damages that are allowed under the prison Litigation Reform Act.

4.)   Appointment of Counsel to litigate the instant action.

5.)   The right to amend and or supplement the action as the interest of Justice provides.

All other relief that is allowed under the interest of Justice.

Dated: August 20, 2004

By *Jefferson Burgess*
Jefferson Burgess
#09628-039
F.M.C. Devens
P.O. Box 879
Ayer, MA. 01432
          Pro-Se Plaintiff

(19)