```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JEFFERSON BURGESS,            )
          Plaintiff,          )
                              )
     v.                       )  C.A. No. 04-40169-RWZ
                              )
UNITED STATES OF AMERICA,     )
          Defendant.          )
```

MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed without prejudice.

FACTS

On August 24, 2004, plaintiff Jefferson Burgess, an inmate at FMC Devens, commenced this action by filing an application to proceed without prepayment of fees and a complaint against the United States under 28 U.S.C. §§ 1331, 2201, and 2202. The complaint is far from clear, but it appears that Burgess was convicted of drug violations in 1992 under 21 U.S.C. §§ 841, 843, and 846 and that his 45-year sentence was based on criminal conduct occurring June and September 1987. Compl. p. 2, 4-19. Burgess was paroled in September 1997, but after a parole violation was returned to federal custody in May 2001. Id. Exhibits.

The BOP conducted an audit of Burgess' sentence and determined that it had mistakenly considered Burgess eligible for parole and that, in fact, he was ineligible for parole

because his sentence fell under the provisions of the Anti-Drug Abuse Act of 1986.  Id.  Burgess alleges that the BOP determination that he is ineligible for parole is incorrect because the criminal conduct forming the basis of his sentence occurred prior to the effective date of the Act, which he claims was November 1, 1987.  Id. at p. 19.  He seeks compensatory damages.  Id.

The instant action is not the first action filed by Burgess challenging his ineligibility for parole.  In 2003, he filed a Section 2241 habeas petition, Burgess v. Winn, C.A. No. 03-400015-RWZ, and I recently dismissed that petition on respondent's motion on July 6, 2004.  See Docket No. 27.  Burgess has appealed that dismissal, and that appeal is still pending.  See No. 04-2022.

## ANALYSIS

I.  The Court May Screen this Action

Because Burgess brings this action as a civil complaint and is a prisoner who has sought to proceed in forma pauperis, the Court may screen his complaint. A district court must dismiss a complaint filed by a prisoner in forma pauperis "at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim.  28 U.S.C. § 1915(e)(2)(b).  All prisoner actions directed against a governmental entity or officer also must be screened

2

on these same bases at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee. 28 U.S.C. § 1915A.

Claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity or involve the infringement of a legal interest which clearly does not exist. See Neitzke v. Williams, 490 U.S. 319, 327-328 (1989) (interpreting the former § 1915(d)); accord Denton v. Hernandez, 504 U.S. 25, 32 (1992) ("clearly baseless" actions may be dismissed); Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (dismissing for lack of subject matter jurisdiction). Here, Burgess' claims about his eligibility for parole are not cognizable as a civil action.

> A.  A Federal Prisoner Challenging His Eligibility For Parole Must Bring His Claims as a Section 2241 Habeas Petition

As a general rule, a prisoner challenging the very fact or duration of his physical imprisonment and seeking a determination that he is entitled to immediate release or speedier release from such imprisonment must proceed under the habeas laws rather than through a civil rights action. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (habeas corpus proceedings are the proper mechanism to challenge the "legality or duration" of confinement whereas a civil rights action, in contrast,

is the proper method of challenging "conditions of ... confinement).

A related corollary is that a prisoner may not bring a civil action seeking damages concerning his imprisonment if his claims call into question the lawfulness of his imprisonment unless his imprisonment has been declared invalid or called into question by a federal court's issuance of a writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477, 487 (1994); accord Edwards v. Balisok, 520 U.S. 641, 644-648 (1997) (prisoner's claims about alleged procedural defect at disciplinary hearing resulting in deprivation of good-time credits were not cognizable under § 1983 because suit would necessarily imply the invalidity of the deprivation of good-time credits).

Here, Burgess is challenging his eligibility for parole, a claim that must be brought as a Section 2241 habeas petition rather than as a civil action because a favorable determination granting him damages would call into question the validity and duration of his confinement.  See Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976) (proper vehicle for attacking the execution of sentence, including the application of the Parole Board's Guidelines, is § 2241); accord United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999) (petitions pursuant to § 2241 generally attack the execution of a sentence); White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (dismissing civil rights

4

challenge to state parole revocation; plaintiff was required to file a habeas action). Thus, his claims are not cognizable as a civil action and I decline to consider the merits of his claims.[1] Brown v. Rhode Island, 215 F.3d 1311, 1311 (1st Cir. 2000) (per curiam) (affirming dismissal and declining to review merits of claims improperly brought as a civil rights action rather than a habeas petition); cf. Moore v. Pemberton, 110 F.3d 22, 23-24 (7th Cir. 1997) (listing reasons why district courts should not convert civil rights claims into habeas petitions).[2]

---

[1] However, I simply note that Burgess's prior claims to parole were dismissed on the merits, and that there appears to be ample precedent that the provisions of the Anti-Drug Abuse Act eliminating parole were effective on the date of their enactment, October 27, 1986. United States v. De Los Santos-Himitola, 924 F.2d 380, 381 (1st Cir. 1991) (non-parole provisions contained in 21 U.S.C. § 841 became effective on date of their enactment, October 27, 1986); accord United States v. Giltner, 972 F.2d 1563, 1565 (11th Cir. 1992) (non-parole provisions were effective on October 27, 1986 not November 1, 1987, the date the United States Sentencing Guidelines became effective; cf. Gozlon-Peretz v. United States, 498 U.S. 395, 404-405 (1991) (section of Anti-Drug Abuse Act requiring term of supervised release became effective on date of enactment).

[2] I further express no view whether the successive or abusive provisions of Rule 9(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 would bar Burgess's claims. See Rule 1(b) (§ 2254 rules may be applied to other habeas petitions at court's discretion); Schlup v. Delo, 513 U.S. 298, 318 n. 34 (1995) (successive petitions raise grounds identical to those raised and rejected on the merits in a prior petition; abusive petitions raise grounds that were available but not relied upon in a prior petition or engages in other conduct which disentitles the petitioner to the relief he seeks).

## CONCLUSION

ACCORDINGLY, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>14th</u> day of <u>January</u>, 2005.

                                         <u>/s/ Rya W. Zobel</u>
                                         RYA W. ZOBEL
                                         UNITED STATES DISTRICT JUDGE